### LOADER et al. v. BROOKLYN CHAIR CO.

(Supreme Court, Appellate Division, Second Department. October 17, 1902.)

1. SALE—RETURN OF GOODS—REFUSAL TO ACCEPT.
    Where the buyer returned the goods purchased to the seller, who refused to accept them, the buyer, under the terms of the contract, having no right to return them, there could be no recovery of the money paid on the sale.

Appeal from municipal court of New York.

Action by Joseph Loader and another against the Brooklyn Chair Company. From a judgment of dismissal, plaintiffs appeal. Affirmed.

Felix Reifschneider, Jr., for appellants.
Louis H. Hall, for respondent.

HIRSCHBERG, J. On a former appeal in this case we held by a majority vote that the judgment in favor of the defendant was unsupported, because there was no evidence that the defendant had refused to accept the chairs, or had ever offered to return them. See Loader v. Chair Co., 64 App. Div. 615, 72 N. Y. Supp. 297. The proof, as disclosed by that record, established the fact that the chairs were sample chairs, which the plaintiffs had bought from the defendant under an agreement that the latter would receive them back, and refund the money, whenever it should cease to manufacture them. The plaintiffs returned the chairs under circumstances which we deemed within the spirit and meaning of this contract, and no evidence whatever was offered tending in any manner to indicate that the defendant refused to accept them. On the contrary, it clearly appeared that the chairs were retained without protest or objection, and in apparent recognition of the plaintiffs' right to return them. The only circumstance which could be regarded as indicating the contrary was the fact that the individual who was in charge of the defendant's premises at the time of the return of the chairs refused to receipt for them; but this may have been from lack of authority, and was not necessarily inconsistent with the defendant's recognition of a right on the plaintiffs' part, which, upon the proof, was absolute. Upon the trial from which the present appeal comes the defendant established its refusal

to accept the chairs both by oral and documentary evidence. The plaintiffs were notified over the telephone that the chairs would not be accepted if returned; and after they were returned the defendant wrote the plaintiffs in reference thereto as follows:

"The chairs you have returned we have not received. We told you over the phone that we would not accept them under the circumstances. We wish to reiterate what we said over the phone in regard to chairs which you had in stock for a long time. It would not be fair and right for us to accept these and credit them."

The plaintiffs have testified on this trial that the agreement under which the chairs were originally purchased was to the effect that they might be returned at will. No such evidence was given on the first trial, and the magistrate has found, as he was justified in doing, in favor of the defendant on the issue involved. The right to return the chairs was accordingly dependent upon the failure of the defendant to manufacture similar ones. There has been no failure in that regard, the controversy between the parties arising solely on a question relating to terms of credit. There being no right on the plaintiffs' part to return the chairs under the contract as found, and no acceptance of them by the defendant, and the correspondence herein quoted being equivalent to an offer to return the property, if such offer be necessary, under the circumstances as now disclosed, the judgment should be affirmed.

Judgment of the municipal court affirmed, with costs. All concur.